**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY


TERRY ROUSE,                    :
                                :    Civil Action No. 13-479 (FSH)
          Plaintiff,            :
                                :
     v.                         :    OPINION
                                :
NEWARK POLICE DEPARTMENT,       :
et al.,                         :
                                :
          Defendants.           :
```

**APPEARANCES**:

>   Plaintiff <u>pro se</u>
>   Terry Rouse
>   272844
>   Passaic County Jail
>   11 Marshall Street
>   Paterson, NJ 07501

**HOCHBERG, District Judge**

Plaintiff Terry Rouse, a pre-trial detainee at the Passaic County Jail in Paterson, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The matter was previously administratively terminated due to a deficiency with the <u>in forma pauperis</u> application. Plaintiff has now submitted a renewed application. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma</u>

pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  The Complaint will be dismissed.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff states that he was arrested for armed robbery by Detective Bullock on March 3, 2005.  He was subsequently incarcerated for a period of fifteen months during which he alleges he became addicted to pain medications.  After a jury trial, he was found not guilty.  He states that the addiction to pain medication led to later charges of drug possession for which he was later found not guilty on or about June 23, 2006. Plaintiff states that Judge Casale "knew or had to know that these charges were placed on me through trickery by [Detective Bullock."  Plaintiff states that those charges were the reason that he lost his job, residence, and became addicted to pain medication.  Plaintiff seeks relief in the form of reimbursement for the time spent incarcerated and for lost wages, assistance with recovery from addiction to pain medication, five million

dollars in pain and suffering, and two million dollars for [defamation] of character.  Plaintiff's current incarceration does not appear to be related to the claims brought here.

## II.   STANDARD OF REVIEW

A.   Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The United States Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in

3

Ashcroft v. Iqbal, 556 U.S. 662(2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 556 U.S. 677-679.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211

4

(citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III.   DISCUSSION

It is unclear from the Statement of Claims in Plaintiff's Complaint as to exactly what constitutional violations he wishes to assert here against Defendants.  Given Plaintiff's reference to a "wrongful incarceration civil action" it appears that Plaintiff may intend to assert a claim of false arrest.  However,

5

to the extent that Plaintiff intends to assert any claim of false arrest, that claim appears to be time-barred.  Plaintiff alleges that the arrests in question occurred on March 3, 2005 and also on some date subsequent to that date but no later than the completion of his second jury trial on June 23, 2006.  This Complaint is dated January 17, 2013, a date which is substantially more than two years later and thus outside the statute of limitations.

   A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). See also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is

6

appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run") (citing Jones v. Bock, Pino v. Ryan) (not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998) (unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385

7

(3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson, 471 U.S. at 269. New Jersey statutes set forth certain bases for "statutory tolling."

8

See, e.g., N.J.S.A. § 2A:14-21 (establishing tolling due to minority or insanity); N.J.S.A. § 2A 14-22 (establishing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, any claim for false arrest accrued at the time of the arrest. Although certain dates are unclear, the alleged false arrests would have come on some time before June 23, 2006.  That date is substantially more than two years before the date that the instant Complaint was filed.  Further, Plaintiff has failed to allege any facts suggesting a basis for tolling.  Accordingly, any claim for false arrest will be dismissed as untimely.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint for failure to state a claim.  An appropriate order follows.


s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated:  April 11, 2013